**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL RIBOWO,

               Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

               Respondent.

No.   13-72168

Agency No. A078-020-413

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 4, 2016
Pasadena, California

Before: PREGERSON, BYBEE, and N.R. SMITH, Circuit Judges.

    Daniel Ribowo, a native and citizen of Indonesia, petitions for review of the

denial by the Board of Immigration Appeals ("BIA") to reopen his removal

proceedings in light of changed country conditions. We have jurisdiction under 8

U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to

---

     [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

Ribowo's motion to reopen was untimely. *See* 8 C.F.R. § 1003.2(c)(2). Thus, in order to prevail on the motion to reopen, Ribowo must "clear four hurdles: (1) he had to produce evidence that conditions had changed in [Indonesia]; (2) the evidence had to be material; (3) the evidence must not have been available and would not have been discovered or presented at the previous proceeding; and (4) he had to demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (internal quotation marks omitted). Here, the BIA did not abuse its discretion in finding that Ribowo failed to establish materially changed circumstances in Indonesia to qualify for a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 987-88 (evidence must be "qualitatively different" to warrant reopening).

Although Ribowo is a member of a disfavored group in Indonesia (Christian Indonesians),[1] he failed to present evidence that he would be individually targeted based on his Christian faith. *See Wakkary v. Holder*, 558 F.3d 1049, 1053 (9th Cir. 2009). Membership alone in a disfavored group is not enough. *Id.* at 1066. The BIA concluded that Ribowo did not produce sufficient evidence of materially changed country conditions or individualized risk. The BIA recognized that religious extremism and violence in Indonesia is on-going and that the government has been criticized for failing to prevent it. However, the BIA concluded that current conditions in Indonesia are substantially similar to those that existed at the time of Ribowo's merits hearing (rather than changed conditions). Ribowo failed to present the quantum of evidence necessary to show that his "predicament [was] appreciably different from the dangers faced by [his] fellow [Indonesians]." *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) (quoting *Kotasz v. INS*, 31 F.3d 847, 852

---

[1] Ribowo also asserts that he will be perceived as a "westerner" with United States citizen children. We have not recognized that a person with American ties qualifies as a member of a social group. *Cf. Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010). Even so, Ribowo did not present significant changes in Indonesia with regard to anti-American sentiment. Although the *Innocence of Muslims* film was released in September 2012 and caused some uprising against Westerners, it was not significantly different from what Ribowo had previously claimed.

(9th Cir. 1994)). These conclusions were not an abuse of discretion.[2] *See*

*Najmabadi*, 597 F.3d at 986 (noting that the court "defer[s] to the BIA's exercise

of discretion unless it acted arbitrarily, irrationally, or contrary to law").

**PETITION FOR REVIEW DENIED.**

---

[2] Because we find that the BIA did not abuse its discretion by concluding that Ribowo failed to show changed circumstances sufficient to reopen his case, we need not address the BIA's alternative conclusion that Ribowo did not show that he was prima facie eligible for asylum, withholding of removal, or protection under the Convention Against Torture.

*Ribowo v. Lynch*, No. 13-72168
Pregerson, J., dissenting:

I dissent.  This case is another example of the cruelty that besets our

immigration laws.

Daniel Ribowo came to the United States in 2000.  For over sixteen years, he

has worked to build his life here.  He married his wife, Idapola, in California in

2002.  Together, they have three United States citizen children: Michael (age 13),

Maureen (age 10), and Meredith (age 8).  These children were born in the U.S. and

have bright futures.  The family is active in their Seventh Day Adventist Church:

Daniel serves as the Deputy Director of the Pathfinders, where he mentors children

at his church; Idapola teaches the bible study class for children under the age of

five.  They fear returning to Indonesia where Christians are a recognized

disfavored group.  *Tampubolon v. Holder*, 610 F.3d 1056, 1058 (9th Cir. 2010).  In

Indonesia, Christians are "'subject to violence and official discrimination,' and the

[Indonesian] government has largely acquiesced in their persecution by those

following 'militant expressions of Islam.'"  *Salim v. Lynch*, 831 F.3d 1133, 1140

(9th Cir. 2016) (quoting *Tampubolon*, 601 F.3d at 1060).

Despite the equities in this case, the government has declined to exercise

prosecutorial discretion and has chosen to prosecute Ribowo.  In doing so, the

government has effectively chosen to prosecute the whole family.  Ribowo's

children will either grow up in America without their father or be compelled by circumstances beyond their control to move to a country that they do not know and where they will be in danger because they are Christians.  I decline to be a party to such an unkind result.